PULVER v. RICHARDSON, appellant.

*Chattel mortgage — liability of mortgagee — sale — value of property.*

Where the mortgagee of personal property takes it into his possession for non-payment of the debt secured by the mortgage, the title is in him, and he is responsible for the property although it is subsequently taken from him by a third person. And if, after several months, he recovers possession of the property, and has it sold at auction by virtue of a power in the mortgage, and purchases it himself, the mortgagor is entitled to have its value at the time the mortgagee first took possession, applied on the mortgage.

A purchase by the mortgagee at a sale of chattels under a mortgage is not such a purchase as bars the mortgagor's equity of redemption, or limits the amount at which the chattels should be applied on the mortgage, notwith- standing the mortgagor was present and bid on the property.

APPEAL from a judgment on the report of a referee in favor of plaintiff. The action was brought by Germain W. Pulver against Lawrence J. Richardson, to recover a balance alleged to be due on certain notes. It appeared that defendant purchased a horse of plaintiff, March 31, 1868, for $6,000, paying cash $1,600, and notes for $4,400, secured by a mortgage on the horse. The mortgage contained a condition, that in case of non-payment of the sum secured, plaintiff should have power to take possession of the horse and sell it at public or private sale, and apply the proceeds in payment of the debt, and defendant covenanted to pay the deficiency if any. At the trial of the cause, there was due, according to plaintiff's claim, the sum of $747.59. The defendant on taking the horse into his possession employed Alexander Lewis to drive and take care of it; Lewis took the horse to Pennsylvania without defendant's consent, and in July, 1870, plaintiff sent one Haskins to Corry, Pa. (the mortgage being due), where the horse was found in Lewis' possession. Haskins brought the horse across the line to Clymer, Chautauqua county, and put it in a hotel barn, from which it was taken by some person unknown during the following night. In December, 1871, plaintiff recovered possession of the horse and it was then sold at auction. Defendant was present at the sale and bid on the horse, but plaintiff became the purchaser. The defendant claims that at the time plaintiff first took possession of the horse under the mortgage, it was of greater value than the amount due on the mortgage, and asks that plaintiff account for and apply such value on the mortgage debt. The referee found in favor of plaintiff, and defendant appealed from the judgment on the report to this court.

*C. T. Richardson*, for appellant.

*A. L. Johnson*, for respondent.

MULLIN, P. J. When an installment of the debt owing by the defendant to the plaintiff came due, the title of the plaintiff to the horse mortgaged to him to secure such debt became absolute at

law, and all the interest the defendant had in the property was an equity of redemption. The horse being then worth the balance of the indebtedness to the plaintiff the debt was paid. And the only way the plaintiff could avoid that result was by selling the property at public or private sale, and if it did not sell for enough (the sale being fairly conducted) to pay the debt, the plaintiff might recover of the defendant the balance left unpaid.

These principles are so well settled as not to need authority to support them.

The whole of plaintiff's debt came due on the 1st of November, 1868. In July, 1870, the plaintiff took possession of the horse, and the defendant offered to prove that at that time the horse was worth enough to pay the balance due on the mortgage. This evidence was rejected by the referee, and defendant's counsel excepted.

This ruling was erroneous; the evidence, if it had been received, would have shown the debt paid, and the mortgage satisfied. And we must assume for the purposes of the case that the fact was as defendant offered to prove it to be.

It was undoubtedly competent for the plaintiff, had the evidence been received, to show that, before he could sell said horse, it was unlawfully taken from his possession, and that he was unable to obtain possession of it until a recent date, and that he then sold it, and the amount received did not pay the debt.

The ruling of the referee, on the trial, that if the horse was taken from Lewis' possession, to whom it was delivered by the defendant to be cared for and driven, and immediately thereafter she was taken out of plaintiff's possession without his consent, the plaintiff was not responsible for her or the taking until he again took her in December, 1871, was erroneous. When plaintiff took the horse into his possession because of a breach in the conditions of the mortgage, he became the absolute legal owner, and was thereafter liable as such, and as a consequence he was bound to apply the value of the horse at the time of the taking on his mortgage. No matter what became of the animal after plaintiff's title became absolute, he must account for its value unless defendant was, in some way, responsible for any loss or injury it may have sustained.

The referee also erred in holding that the sale of the horse to plaintiff at Syracuse, at which sale defendant was present and bidding, operated as an estoppel upon defendant as to the amount for which the animal should apply on the debt.

I am unable to discover any element of estoppel in the case. A purchase, by the mortgagee at a sale in foreclosure of a mortgage of chattels, is not such a sale and purchase, as bars the mortgagor's equity of redemption or limits the amount at which the property shall apply on the mortgage. *Buffalo Steam Engine Works* v. *Sun M. Ins. Co.*, 17 N. Y. 403.

The judgment must be reversed and a new trial granted, costs to abide the event.

*Judgment reversed and new trial granted.*